UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael D. Brooks, | ) | C/A No.: 4:14-cv-03629-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Investergater Justin Head, Investergater Banister, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a pre-trial detainee at the Florence County Detention Center. ECF No. 1 at 2. Plaintiff is proceeding pro se, and he filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. *See* ECF No. 1. This matter is before the court on Defendants' Motion to Dismiss and to Stay, ECF No. 31, filed on November 11, 2014. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. ECF No. 32. On December 10, 2014, Plaintiff filed a Response in Opposition to Defendants' Motion, ECF No. 39, and on December 12, 2014, Defendants filed a Reply, ECF No. 40. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because this Motion is dispositive, a Report and Recommendation is entered for the court's review.

I. Background

Plaintiff, a pre-trial detainee, filed this action alleging claims for "false arrest, police brutality, false imprisonment, [and] excessive force." ECF No. 1 at 2. Specifically, Plaintiff maintains that police arrested him without a warrant on March 14, 2014. *Id.* at 3. Plaintiff filed his Complaint on September 12, 2014 and seeks $800,000 in actual damages and $10,000,000 in punitive damages. *Id.* at 6. Additionally, Plaintiff asks that all charges against him be dropped and he be immediately released from Florence County Detention Center. *Id.* Finally, Plaintiff seeks additional monetary relief.

I.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12 tests the sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662, 680. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion

2

unsupported by factual allegations. *Iqbal*, 556 U.S. at 679.    Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

> III.  Discussion
>> A.  Defendant's Motion to Dismiss Plaintiff's Equitable Relief Claim

Defendants maintain that dismissal of state criminal charges is not an available remedy in this case and that a federal court should not equitably interfere with state criminal proceedings except in narrow and extraordinary circumstances. ECF No. 31-1 at 2. Based on principles of federalism, Defendants maintain that federal abstention in this case is proper, and "Plaintiff's claim for equitable relief should be summarily dismissed." *Id.* at 3. The undersigned agrees.

In *Younger v. Harris*, the Supreme Court held that there is a fundamental policy against federal interference with state criminal prosecutions, and a federal court should abstain from exercising jurisdiction by awarding injunctive or declaratory relief. *See* 401 U.S. 37, 46 (1971); *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). The *Younger* Court further found that a federal court must abstain from such interference unless the moving party will suffer irreparable injury that is "both great and immediate." *Id.* (internal citations omitted). To determine when abstention is appropriate, the Supreme Court explicated the following three-part test:  (1) is there an ongoing state judicial proceeding; (2), do the proceedings implicate important state interests; and (3), is there an adequate opportunity in the state proceedings to raise constitutional challenges.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)

Here, all three factors are met. There is an ongoing state criminal proceeding against

Plaintiff. The second prong is also met because the Supreme Court has held that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Younger*, 401 U.S. at 44 ("This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). Finally, Plaintiff may raise constitutional issues to the attention of a state court. *See Martin Marietta Corp.*, 38 F.3d at 1396 ("The doctrine also recognizes that state courts are fully competent to decide issues of federal constitutional law."); s*ee also Younger*, 401 U.S. 37, 49 ("Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims."). Therefore, the principles of federalism demand that this court abstain from issuing Plaintiff injunctive relief. Accordingly, the undersigned recommends dismissing with prejudice Plaintiff's equitable claims that the court drop the charges against him and release him from custody.

       B.      Defendant's Motion to Stay Plaintiff's Claims for Monetary Damages

Defendants argue that proceeding with Plaintiff's claims for monetary damages at this time would "interfere with and be disrespectful to the pending state criminal proceeding." ECF No. 31-1 at 3. Therefore, Defendants maintain that the court should stay Plaintiff's § 1983 case pending the outcome of several factual and legal determinations at issue in Plaintiff's criminal

state court proceedings. *Id.* at 3-4. The undersigned agrees.

Based on principles of federalism, the undersigned recommends staying this case until the criminal action against Plaintiff is finally resolved. Ongoing federal civil litigation could interfere with the State's current criminal case, and the merits of Plaintiff's causes of action will be clearer once the State action is resolved. In *Suggs v. Brannon*, the Fourth Circuit held that a stay is appropriate when there are pending criminal proceedings. 804 F.2d 274, 280 (4th Cir. 1986) ("A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be. But this is not the appropriate proceeding for resolving this issue."). There, the district court denied Plaintiff's claim for injunctive relief because it would require intrusion on state criminal proceedings, and the Fourth Circuit Court of Appeals affirmed. *Id.* at 179. However, the appellate court vacated the district court's dismissal rather than stay of Plaintiff's claims for monetary damages and remanded the case for further proceedings. *Id.* at 280. Furthermore, several circuits have held that staying a civil action, rather than abstaining and dismissing the action, is the proper approach. *See e.g., Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) ("In the present case, however, the District Court should have stayed, not dismissed, Carroll's complaint. Requiring the District Court to stay rather than dismiss damages claims may be an empty formality under the facts of this case."); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("We disagree, however, with the district court's decision to dismiss, rather than stay, Simpson's federal case."); *Williams v. Hepting*, 844 F.2d 138 (3d Cir. 1988) (holding it was appropriate for district court to abstain from deciding allegations that attacked validity of state court conviction until allegations

5

were presented to and disposed of by state courts on appeal). Accordingly, the undersigned recommends staying Plaintiff's § 1983 civil action for damages pending a final determination of the State's pending criminal action against him.

IT IS SO RECOMMENDED.

December 17, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**