UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael D. Brooks, ) | C/A No.: 4:14-cv-03629-RBH-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v.    ) | ORDER | |
| ) | | |
| Investergater Justin Head, Investergater Banister, ) | | |
| ) | | |
| Defendants. ) | | |

This matter comes before the court on Plaintiff's Motion for Appointment of Counsel, ECF No. 19, Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 22, Plaintiff's Motion for an Emergency Attorney, ECF No. 35, Plaintiff's Motion for Relief from County Jail, ECF No. 36, and Plaintiff's Motion for a Protective Order, ECF No. 37. Defendants have responded to Plaintiff's Motions. ECF Nos. 27, 28, 41, 42, 43. The court will rule on each motion in turn.

1. Motion for Appointment of Counsel and Motion for Emergency Counsel

Plaintiff requests that the court appoint him counsel in two separate motions, ECF Nos. 19 and 35. Plaintiff's Motions are denied. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances

"will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed Plaintiff's Motions, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d at 160. Accordingly, Plaintiff's Motions to Appoint Counsel, ECF Nos. 19 and 35, are **denied**.

   2. Motion for Leave to File an Amended Complaint

On October 29, 2014, Plaintiff filed a Motion for Leave to file an Amended Complaint. ECF No. 22. In his Motion, Plaintiff requests adding that his Fourth Fifth, Eighth, and Fourteenth Amendments were violated. *Id.* at 1. Additionally, Plaintiff attaches a "Declaration" to his Motion. ECF No. 22-1. Defendants did not consent to the Motion because Plaintiff failed to attach a proposed amended complaint for their review. ECF No. 27. Though Plaintiff does not include a separate proposed amended complaint with his Motion, Plaintiff indicated that he wished to add constitutional violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to his original filed Complaint. ECF No. 22. Plaintiff's Motion to Amend his Complaint, ECF No. 22, is **denied without prejudice**. If the district judge grants the recommended stay, *see* ECF No. 45, Plaintiff may refile his Motion when the stay is lifted.

   3. Motion to Grant Relief from County Jail

Plaintiff requests that the court dismiss the state charges against him in his Motion to Grant Relief from County Jail. ECF No. 36. Dismissal of state charges is not an available remedy in this federal civil action. *See Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, Plaintiff's

request for relief, ECF No. 36, is **denied**.

4. Motion for a Protective Order

Plaintiff requests that the court grant him a protective order because he claims he is unable to obtain materials and information requested in Defendants' discovery requests. ECF No. 37. Plaintiff has an obligation under the Federal Rules of Civil Procedure to respond to Defendants' discovery. *See* Rules 33(b), 34(b), Fed. R. Civ. Proc. However, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure the court can protect a party from undue burden or expense and prescribe discovery methods other than the one selected by the party seeking discovery. Accordingly, Plaintiff's Motion, ECF No. 37, is **granted in part**. Because Plaintiff is unable to pay for copies, he instead must make all requested documents available for review by Defendants pursuant to Rule 34(a)(1) and (2) of the Federal Rule of Civil Procedure. When the recommended stay is lifted, *see* ECF No. 45, Plaintiff is instructed to make the requested discovery available for Defendants' review, and Defendants are instructed to coordinate inspection of discovery with the institution housing Plaintiff.

IT IS SO ORDERED.

December 17, 2014                                                                 Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge