UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael D. Brooks, | ) | Civil Action No.: 4:14-cv-03629-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Investergater Justin Head and | ) | |
| Investergater Banister, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael D. Brooks, a state prisoner proceeding pro se, has sued the two above-named Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] *See* ECF No. 1. Defendants have filed a motion for summary judgment. *See* ECF No. 95. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[2] *See* R & R, ECF No. 105. The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment and dismiss this case. R & R at 10. Plaintiff has filed objections to the R & R. *See* Pl.'s Objs., ECF No. 107.

**Legal Standards**

**I.     Review of the Magistrate Judge's R & R**

---

[1]     As explained below, Plaintiff is currently a state prisoner, but this lawsuit stems from incidents alleged to have occurred prior to his convictions.

[2]     The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

**Facts**

Viewed in the light most favorable to Plaintiff, the facts are as follows. On March 3, 2014, a home invasion occurred at a residence in Florence, South Carolina. ECF No. 95-2 at 3, 10. Defendant Investigator Justin Head of the Florence Police Department ("FPD") was assigned to the case, developed Plaintiff as a suspect, and obtained arrest warrants for Plaintiff on charges of first-degree burglary, armed robbery, kidnapping, and two weapon charges. *Id.* at 3-5, 18-22. On March 14, 2014, Defendant Investigator Stephen Banister and other FPD officers went to Plaintiff's mother's house (where Plaintiff was staying) to serve the arrest warrants. ECF No. 95-3 at 3. Plaintiff saw the police arrive, ran out the back door, and hid in the woods, where there was a small stream eight to twelve inches deep. ECF No. 1 at 3; ECF No. 95-2 at 6; ECF No. 95-3 at 4. After about ten minutes in the woods, Plaintiff decided to exit the woods and began wading through the stream. ECF No. 1 at 3. Investigator Banister rushed towards Plaintiff yelling, "Get down!" *Id.* Plaintiff got on his hands and knees but did not lie completely flat because he believed the water would cover his head. *Id.* He told Investigator Banister why he could not lie down, and although Investigator Banister saw the stream, he nonetheless tased Plaintiff in the back. *Id.*; ECF No. 95-3 at 4. Plaintiff went underwater, and then Investigator Banister dragged him from the water by his feet, handcuffed him, and escorted him from the woods. ECF No. 1 at 3; ECF No. 95-3 at 4. In June 2015, Plaintiff was tried in state court and convicted of all charges. ECF No. 62.

3

Plaintiff has sued Investigators Head and Banister (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. ECF No. 1. Among the allegations in his complaint, Plaintiff accuses Investigator Head of lying in arrest warrant affidavits and altering a statement that Plaintiff gave police. *Id.* at 3-5. Plaintiff also alleges that due to being underwater after Investigator Banister tased him, he has to see a doctor and take medication for chest pain caused by the water that entered his lungs. *Id.* at 3. Plaintiff asserts causes of action for false arrest, false imprisonment, and excessive force, and he seeks monetary damages arising from his allegedly unlawful arrest. *Id.* at 6. Defendants have moved for summary judgment on all of Plaintiff's claims. ECF No. 95. The Magistrate Judge has issued an R & R in which she recommends granting Defendants' motion for summary judgment and dismissing this case. ECF No. 105. Plaintiff has filed timely objections to the R & R. ECF No. 107. Defendants have filed a timely reply to Plaintiff's objections. ECF No. 109.

## **Discussion**

Plaintiff presents three cursory objections to the Magistrate Judge's R & R. *See* Pl.'s Objs., ECF No. 107. First, he objects to the Magistrate Judge's statement in the R & R that "Plaintiff represents that he ran out the backdoor of his mother's residence after he noticed police had arrived there." *Id.* at 1 (quoting R & R at 2). Although Plaintiff argues he never made that statement, his own sworn complaint in this case negates that argument. Specifically, Plaintiff alleges in his complaint that he "ran out the back door" of his "mother['s] house" after he saw police investigators arrive. ECF No. 1 at 3. The Court summarily overrules Plaintiff's first objection as meritless.

In his second objection, Plaintiff contends he has proven that he was arrested without warrants. Pl.'s Objs. at 1. Plaintiff's contention appears to relate to the Magistrate Judge's finding that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's causes of action for false arrest and false

4

imprisonment. *See* R & R at 4-5. The Court agrees with the Magistrate Judge that *Heck* bars both claims because Plaintiff's success on them would necessarily imply the invalidity of his arrest and subsequent convictions, which have not been overturned or otherwise called into question. *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Accordingly, the Court overrules Plaintiff's second objection.

In his third and final objection, Plaintiff disputes the Magistrate Judge's finding regarding his excessive force claim asserted against Investigator Banister, and he appears to argue there is a genuine issue of material fact as to whether Investigator Banister's use of force (tasing Plaintiff in the back) was objectively reasonable.[3] Pl.'s Objs. at 1. The Magistrate Judge applied the three-factor test set forth in *Graham v. Connor*, 490 U.S. 386 (1989), and concluded as a matter of law that Investigator Banister used a reasonable amount of force to arrest Plaintiff. R & R at 5-9.

*Graham* requires courts, when assessing an excessive force claim in the Fourth Amendment context, to determine whether a law enforcement officer's "actions are 'objectively reasonable' in light of the facts and circumstances confronting" the officer, "without regard to the [officer's] underlying intent or motivation." 490 U.S. at 397. To conduct this "'totality of the circumstances'" inquiry, courts must consider "the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396

---

[3] Plaintiff disputes the statements that Investigator Banister made in his affidavit, arguing, "Was Inv. Banister afraid for his life because the plaintiff['s] back was to him going away from him. Or was the plaintiff actually laying flat and was tazzed [sic] in the back[.] [T]hese are issues for the jury to decide and plaintiff ask[s] that his case be allowed to be heard by a jury." Pl.'s Objs. at 1. The Court assesses Plaintiff's argument pursuant to its duty to liberally construe pro se filings. *See Gordon*, 574 F.2d at 1151; *Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x 168, 169 (4th Cir. 2006) (recognizing "courts must liberally construe pro se filings").

(quoting *Tennessee v. Garner*, 471 U.S. 1, 9 (1985)).

Here, Plaintiff does not challenge the Magistrate Judge's adverse finding regarding the severity of the crimes for which he was under arrest. *See* R & R at 7 ("The undersigned finds these were serious crimes for which Plaintiff faced potential lengthy prison sentences."). Instead, his objection relates to her findings concerning the second and third *Graham* factors, namely whether he posed an immediate threat to the safety of Investigator Banister or others and whether he was actively resisting arrest or attempting to escape the arrest process. *See* Pl.'s Objs. at 1. Regarding the second factor, the Magistrate Judge found Investigator Banister reasonably perceived Plaintiff posed a threat to officer safety and the public's safety. R & R at 7-8. However, the Magistrate Judge found "[t]he third factor—whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight—presents a more difficult examination," and she opined "this factor could go either way." *Id.* at 8. Nevertheless, the Magistrate Judge concluded that under the objective reasonableness test outlined in *Graham*, Investigator Bannister's use of a taser a single time was reasonable under a totality of the circumstances, and she recommended granting summary judgment on this basis.

The Court is inclined to agree with the Magistrate Judge that Investigator Banister's actions were objectively reasonable and did not constitute excessive force based on the facts and circumstances of this particular case.[4] Regardless, the Magistrate Judge made an additional finding that Investigator

---

[4] The *Graham* factors likely weigh in Investigator Banister's favor. *See* 490 U.S. at 397 ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). First, regarding the severity of the crime at issue, Investigator Banister was arresting Plaintiff for serious and violent felony offenses, namely first-degree burglary, armed robbery, kidnapping, and two weapon charges. Second, regarding whether Plaintiff posed an immediate threat to officers or others, Investigator Banister was alone in the woods when Plaintiff approached him, and Plaintiff (whose build was larger than Investigator Banister's) did not immediately comply with the officer's order to lie totally flat. Third, regarding whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight, Investigator Banister was confronted with an arrestee who admits he had fled into the woods when he saw police, who was not yet handcuffed or otherwise restrained, and who did not comply with an order to lie down (however, Plaintiff claims his resistance to Investigator Banister's order was to avoid going underwater, and the Court must view this factual

6

Banister is entitled to qualified immunity on Plaintiff's excessive force claim. Significantly, Plaintiff has not objected to the qualified immunity finding, which the Court adopts as its own. *See Diamond*, 416 F.3d at 315, *and Camby*, 718 F.2d at 199-200 (stating that absent a specific objection, a district court need only review a magistrate judge's recommended finding for clear error, and the district court need not give any explanation for adopting the magistrate's recommendation). Thus, regardless of whether Investigator Banister's actions constituted excessive force, Plaintiff's excessive force claim must be dismissed given the additional sustaining ground of qualified immunity. *See, e.g.*, *Yarborough v. Montgomery*, 554 F. Supp. 2d 611, 619 (D.S.C. 2008) ("Even if this court were to find excessive force, [the arresting officer] would still be entitled to qualified immunity."); *Russell v. Wright*, 916 F. Supp. 2d 629, 643 (W.D. Va. 2013) (concluding the arresting officer was "entitled to qualified immunity on the excessive force claim . . . regardless of whether [the arresting officer]'s actions constituted excessive force, an issue the court expressly does not decide"); *see generally Colbert v. Riveria*, No. 2:09-848-CMC-RSC, 2009 WL 3417758, at *7 (D.S.C. Oct. 21, 2009) ("As an additional sustaining ground, it appears that the defendants are entitled to qualified immunity from suit in their individual capacities as established by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and its progeny."), *aff'd*, 367 F. App'x 458 (4th Cir. 2010). Accordingly, the Court overrules Plaintiff's third objection.

## Conclusion

The Court has thoroughly reviewed the entire record, including Defendants' motion for summary judgment, the Magistrate Judge's R & R, Plaintiff's objections, Defendants' reply, and the applicable law. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, discerns no error in the R & R, and adopts and incorporates it [ECF No. 105] by reference.

---

discrepancy in favor of Plaintiff).

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment [ECF No. 95] is **GRANTED** and that Plaintiff's claims are **DISMISSED** *with prejudice*. The Court directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

Florence, South Carolina                                         s/ R. Bryan Harwell
June 29, 2016                                                          R. Bryan Harwell
                                                                              United States District Judge